```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

JESUS YANEZ RIVERA,

        Plaintiff,
v.                            Case No. 8:20-cv-1526-T-33CPT

FELD ENTERTAINMENT, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Feld Entertainment, Inc's Motion to Dismiss Complaint (Doc. # 5), filed on July 13, 2020. Plaintiff Jesus Yanez Rivera responded on July 27, 2020. (Doc. # 16). For the reasons set forth below, the Motion is granted.

**I.   Background**

Rivera is a Hispanic male who was born in Mexico and now is a legal resident of the United States. (Doc. # 1-1 at ¶ 9). From October 2015 to or around May 2019, Rivera was employed as a full-time body technician for Feld Entertainment. (Id. at ¶¶ 8, 24). Throughout the course of his employment, Rivera alleges that he was subject to "negative treatment" and verbal and physical "harassment on

1

the basis of his national origin," which created "an intimidating, hostile, and offensive work environment." (Id. at ¶ 12-13).

Rivera further alleges that he brought this mistreatment to the attention of his manager at FELD Entertainment and the Human Resources Department, but "no corrective action was taken." (Id. at ¶ 21-22). Rivera claims that he was constructively discharged from his employment at FELD Entertainment in or around May 2019 "due to [Feld Entertainment's] failure to provide a workplace free of harassment based on national origin, and due to [its] failure to put an end to the [aforementioned] harassment." (Id. at ¶ 24).

After exhausting his administrative remedies with the Equal Employment Opportunity Commission (EEOC), Rivera filed this action in state court on June 9, 2020. (Doc. # 1-1). The Complaint includes claims against Feld Entertainment for violations of the Florida Civil Rights Act (Count I) and Title VII of the Civil Rights Act of 1964 (Count II). On July 6, 2020, Feld Entertainment removed the action to this Court on the basis of federal-question jurisdiction. (Doc. # 1).

2

On July 13, 2020, Feld Entertainment moved to dismiss the Complaint for failure to state a claim and as an impermissible shotgun pleading, (Doc. # 5), and Rivera has responded. (Doc. # 16). The Motion is now ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to

3

accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

Feld Entertainment first argues that the Complaint "should be dismissed in its entirety because [it] is an impermissible shotgun pleading." (Doc. # 5 at 9). Because the Court agrees the Complaint is a shotgun pleading, the Court need only address this argument.

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing

multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, Feld Entertainment argues that the Complaint is a shotgun pleading because it falls within the first category identified in Weiland, as "Count II impermissibly 'rolls' all preceding paragraphs — including the allegations of Count I — into the allegations of Count II." (Doc. # 5 at 10). Indeed, Count II incorporates all preceding paragraphs. (Doc. # 1-1

5

at ¶ 30). This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint).

"Because the Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." Madak v. Nocco, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018); see also Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted.").

However, the Court notes Feld Entertainment's concern that the Complaint does not sufficiently clarify whether it also contains a claim for hostile work environment, as well as a claim for disparate treatment discrimination. (Doc. # 5 at 4). Therefore, for the sake of clarity, the Court suggests that Rivera separate his disparate treatment discrimination and hostile work environment claims into separate counts in

6

his amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Feld Entertainment, Inc.'s Motion to Dismiss (Doc. # 5) is **GRANTED.**

(2) The Complaint is **DISMISSED** as a shotgun complaint.

(3) Rivera may file an amended complaint that is not a shotgun complaint by **September 24, 2020.** Failure to file an amended complaint by that date will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7